UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN K. STANLEY,
    *Petitioner*,

v.

MULLIGAN *et al.*,
    *Respondents*.

No. 3:19-cv-00402 (JAM)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

Petitioner Steven K. Stanley has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court criminal convictions on the grounds that evidence was introduced against him in violation of the Fourth Amendment, that the evidence was not sufficient to convict him, and that his rights were violated during the course of state habeas corpus proceedings. Because I conclude that Stanley has not shown that the state courts engaged in an unreasonable finding of facts or application of the law, I will deny his petition for a writ of habeas corpus.

**BACKGROUND**

Stanley is currently a prisoner in the custody of the Connecticut Department of Correction. On December 12, 2012, a jury convicted Stanley of 100 counts of criminal violation of a protective order in violation of Connecticut General Statutes § 53a-223, stalking in the first degree in violation of Connecticut General Statutes § 53a-181c, and threatening in the second degree in violation of Connecticut General Statutes § 53a-62. He was sentenced on February 25, 2013, to a total effective sentence of eighteen years in prison.

1

Stanley appealed his conviction to the Connecticut Appellate Court. *See State v. Stanley*, 161 Conn. App. 10 (2015), *cert. denied*, 320 Conn. 918 (2016). He raised several claims, including that there was insufficient evidence to support a finding that he personally made the calls to the victim that served as the basis for his convictions. The Appellate Court found the evidence was sufficient, *see* 161 Conn. App. at 14-16, and the Connecticut Supreme Court denied Stanley's petition for certification for appeal. *See State v. Stanley*, 320 Conn. 918 (2016).

In the meantime, Stanley filed the first of four state habeas petitions on August 14, 2013. He claimed trial errors and improper conduct by the prosecutors. *See Stanley v. Warden*, 2014 WL 1345266, at *1 (Conn. Super. 2014). Judge Cobb dismissed the trial error claims as barred by the doctrine of procedural default. *Ibid.* She found that Stanley's allegations regarding prosecutorial misconduct—specifically that the prosecutor intimidated his witnesses at his criminal trial and failed to provide him with phone records—may have been procedurally defaulted, and that if not, they nonetheless failed on the merits. *Ibid.* She dismissed the petition, concluding that Stanley's phone records had been produced by the prosecution, that only the victim's phone records had actually been entered into evidence at trial, and that the prosecutors did not threaten or intimidate witnesses. *Ibid.*

The Connecticut Appellate Court dismissed Stanley's appeal. *See Stanley v. Commissioner of Correction*, 156 Conn. App. 903 (2015) (*per curiam*). Stanley did not seek certification for an appeal to the Connecticut Supreme Court.

Stanley filed a second state habeas petition on July 7, 2015. Judge Sferrazza dismissed all but one of his claims and then held a trial on his claim of ineffective assistance of counsel. *See Stanley v. Warden*, 2017 WL 2539074, at *1 (Conn. Super. 2017). Judge Sferrazza concluded that Stanley could not show that his counsel was ineffective. *Id.* at *5. Stanley appealed the

2

ruling, and the Connecticut Appellate Court affirmed without opinion. *See Stanley v. Commissioner of Correction*, 194 Conn. App. 903 (2019).

Apart from his effort to seek habeas relief, Stanley petitioned for a new trial on July 31, 2015, pursuant to Connecticut General Statutes § 52-270. He alleged prosecutorial misconduct, deprivation of the opportunity to prepare a defense, and abuse of judicial discretion during the trial. Judge Nazarro granted the respondent's motion for summary judgment on the ground that the first two claims were barred by *res judicata*, because they had already been decided on direct appeal or in a habeas proceeding, and that the third claim was barred either by *res judicata* or because it had not been diligently pursued. *See Stanley v. State's Attorney*, 2016 WL 4007590 (Conn. Super. 2016). This judgment was affirmed without opinion by the Connecticut Appellate Court, *see Stanley v. State's Attorney*, 179 Conn. App. 901 (2018), and the Connecticut Supreme Court denied the petition for certification to appeal, *see Stanley v. State's Attorney*, 328 Conn. 926 (2018).

On May 19, 2017, Stanley filed a third state habeas petition claiming that prosecutors had threatened his witnesses, that he had not received notice when his telephone records were procured, that the judge mishandled his criminal trial, and that the cell phone number he called so many times did not actually belong to the victim. In an oral ruling issued February 21, 2018, Judge Mullarkey granted respondents' motion to dismiss on the grounds that the same claims were subjects of Stanley's pending appeals, or that Stanley failed to raise them in earlier proceedings at which they could have been raised. Doc. #10-8 at 43-44 (transcript of ruling); *Stanley v. Comm. of Corr.*, CV17-4008840-S. Stanley appealed the decision, which is currently pending before the Appellate Court. *Stanley v. Comm. of Corr.*, AC 41705.

Stanley filed a fourth state habeas petition on March 28, 2018, alleging that prosecutors behaved improperly at his trial and intimidated his witnesses at one of his subsequent habeas proceedings. *See Stanley v. Comm'r of Correction*, 2019 WL 5681384 (Conn. Super. Ct. 2019). Judge Newson denied the petition on the grounds that Stanley's claim of prosecutorial misconduct at his criminal trial was barred by *res judicata* and that he had not advanced any evidence in support of his claim of additional prosecutorial misconduct at one of his habeas trials. *Ibid.* Stanley's appeal is pending. *Stanley v. Comm. of Corr.*, AC 42876.

Stanley filed the instant federal habeas petition on March 15, 2019. Doc. #1. Although his claims are difficult to interpret, I understand him to raise the following three grounds for relief: (1) that the prosecution improperly procured his telephone records without notice and that their admission at trial violated his rights; (2) that there was insufficient evidence for the jury to conclude that he made the telephone calls to the victim; and (3) that Judge Newson erred in declining to enforce all of the witness subpoenas for one of Stanley's state habeas corpus hearings. Respondents have moved to dismiss the petition. Doc. #9. Stanley has filed multiple responses. Docs. #13, #14, #15.

## DISCUSSION

Federal courts have very limited authority to overturn state court criminal convictions. A state court defendant who seeks relief by way of a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must show that his state court conviction was rendered by means of a very clear violation of federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (reviewing governing standard).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As the Supreme Court has explained, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (*per curiam*). Although a federal court may decline to consider a claim that has not been exhausted in the first instance in the state courts, a federal court may alternatively exercise its discretion to consider the claim on its merits. *See* 28 U.S.C. § 2254(b)(2).

*Claim #1 – Stanley's phone records*

Stanley argues that his phone records were improperly seized in violation of the Fourth Amendment and that the prosecutor failed to notify him within 48 hours of when his phone records were turned over to the police as required by Connecticut General Statute § 54-41m. Doc. #1 at 9-11.[1] But the Appellate Court found that Stanley's phone records were not actually admitted into evidence at his criminal trial, despite his claims to the contrary. *See* 161 Conn. App. at 28 ("[T]he state chose not to offer the defendant's phone records into evidence. The claimed error did not occur."). Stanley has not shown this to be wrong, and therefore he cannot show any prejudice from any improper acquisition of his phone records.

Even if the phone records had been admitted at trial, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

---

[1] Stanley also seems to argue that respondents' handling of his phone records constituted a *Brady* violation, but he does not allege any facts that would comprise a *Brady* violation as set out in *Brady v. Maryland*, 373 U.S. 83 (1963).

5

seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). And it is clear that Stanley's claim regarding lack of notification is based solely on state law. "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*); *see also Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (*per curiam*) ("[S]tate trial court evidentiary rulings generally are not a basis for habeas relief."). Accordingly, there is no basis for relief on Stanley's claim with respect to his phone records.

### *Claim #2 - sufficiency of the evidence*

Stanley alleges that "never at any court level di[d] this [S]tate's Attorney show any other [p]hone records that show[ed] this blocked number of the letter A67 being dialed that [only] shows my illegally personal obtained phone records. . . . All evidence to s[u]pport this arrest warrant and trial was illegally obtained that was court ordered Barred to being Used that violated the United States Constitution of this Petitioner Fourth, Fifth, and Fourteenth Amendment Rights." Doc. #1 at 11. I understand this somewhat cryptic argument to reiterate Stanley's claim on direct appeal that "admitted that the calls were made from his cell phone, but [argued] that the state failed to prove that he personally made the phone calls to the victim" and "that the number on her caller identification function was blocked." 161 Conn. App. at 14.

But the Connecticut Appellate Court rejected Stanley's sufficiency-of-evidence challenge:

> In support of the charges, the state presented the testimony of the victim, who received the calls, police officers who overheard one of the threatening phone calls, and the victim's phone records. The jury had before it evidence of more than 1750 calls made from the defendant's cell phone to the victim's cell phone. The jury also heard evidence regarding the failed relationship between the victim and the defendant, and his previously threatening behavior. The victim identified his voice on three phone calls made on March 18, 2012. The defendant also wrote letters to family members advising them to testify that they had made phone calls to the victim. The

6

> jury reasonably could have inferred from this evidence that it was the defendant himself who made all of the phone calls reflected in the victim's phone records. None of the defendant's witnesses testified that they made many of the calls from the defendant's cell phone, as he contended. We conclude that the defendant's conviction of violation of a protective order was based on sufficient evidence.

161 Conn. App. at 16-17 (footnotes omitted); *see also id.* at 15 ("Although there was direct evidence that the defendant made only a limited number of the calls, there was circumstantial evidence to support the conclusion that the defendant made the calls as charged in the amended information.").

Stanley has not made any showing that the state courts made an unreasonable factual or legal determination to deny his sufficiency-of-evidence claim. The fact that his phone number was blocked out on the victim's caller identification did not mean that a rational jury could not have concluded in light of additional evidence that he was the one who called the victim hundreds of times. Accordingly, there is no basis for relief on Stanley's claim with respect to the sufficiency of evidence.

### *Claim #3 – error at state habeas corpus proceeding*

Stanley argues that Judge Newsom failed to re-subpoena witnesses who did not appear for one of his state habeas corpus hearings and that Judge Newsom otherwise "denied all facts[,] Case Law[,] and Constitution violations and this Petitioner['s] Civil rights to Liberty to the Constitution." Doc. #1 at 13. I understand this claim to argue that Stanley's rights were violated during the course of state habeas corpus proceedings. But the role of a section 2254 petition is to challenge the integrity of a petitioner's conviction, not the integrity of collateral proceedings that a state may allow to challenge the conviction. Accordingly, to the extent that there were any procedural errors that occurred during the course of Stanley's state habeas proceedings, these

7

errors are not cognizable for purposes of a claim for federal habeas corpus relief under 28 U.S.C. § 2254. *See, e.g.*, *Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010); *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). Similarly, the same reasons dictate denial of Stanley's claims to the extent that his petition could conceivably be construed to challenge any irregularity by Judge Sferrazza with respect to his earlier state habeas corpus proceeding. Doc. #10 at 11. Accordingly, there is no basis for relief on Stanley's claim with respect to any procedural error that occurred during the course of his state habeas corpus proceedings.

## CONCLUSION

The petition for writ of habeas corpus (Doc. #1) is DENIED, and respondents' motion to dismiss (Doc. #9) is GRANTED. Petitioner's combined motion for leave to proceed *in forma pauperis* and for appointment of counsel (Doc. #2) is GRANTED to the extent that the Court allows petitioner to proceed *in forma pauperis* but DENIED to the extent that petitioner seeks the appointment of counsel. Petitioner has not shown a sufficient likelihood of success to warrant the appointment of counsel. Moreover, because petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

It is so ordered.

Dated at New Haven this 23d day of December 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

8